UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY ALLEN ROETGER,

    Petitioner,

v.

RON HAYNES,

    Respondent.

CASE NO. 3:18-CV-05870-RBL-DWC

ORDER

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge David W. Christel. Currently pending in this action is Petitioner Jeffrey Allen Roetger's Motion to Proceed Forward and Clarity to the Claims Raised ("Motion to Amend") (Dkt. 17) and Respondent Ron Haynes' Motion for More Definite Statement ("Motion for More Definite Statement") (Dkt. 16).

Petitioner filed his federal habeas Petition on October 24, 2018. *See* Dkt. 1, 5. Petitioner also filed a Motion for Leave to File a Memorandum of Law ("Motion for Leave"). Dkt. 6. The Court granted the Motion for Leave and directed Petitioner to file a memorandum of law supporting the claims alleged in his Petition by February 1, 2019. Dkt. 8. Petitioner filed the

Memorandum of Law ("Memorandum") on February 1, 2019. Dkt. 12. That same day, the Court directed service of the Petition and Memorandum on Respondent. Dkt. 13.

In the Petition, Petitioner raises the following three grounds for relief:

1. Prosecutorial misconduct;
2. Ineffective assistance of trial counsel due to counsel's handling of prosecutorial misconduct; and
3. Ineffective assistance of appellate counsel for failing to raise prosecutorial misconduct on appeal.

*See* Dkt. 5.

In the Memorandum, Petitioner raises the following three grounds for relief:

1. Ineffective assistance of appellate counsel for failing to raise the prosecutorial misconduct on appeal;
2. Ineffective assistance of trial counsel due to counsel's failure to provide medical expert testimony; and
3. Ineffective assistance of trial counsel due to counsel's failure to object to prosecutorial misconduct.

*See* Dkt. 12.

On March 15, 2019, Respondent filed the Motion for More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). Dkt. 16. Respondent contends that while the Petition and Memorandum each raise three claims for relief, they do not raise the same claims. Dkt. 16, p. 2. Specifically, Respondent asserts the Petition and Memorandum "each raise a claim the other does not." *See id.*

On April 4, 2019, Petitioner filed the Motion to Amend. Dkt. 17. Petitioner states that, "[i]n the interest of justice and judicial economy," he seeks "to go forward" in this proceeding on Memorandum Ground One and Memorandum Ground Three. *See* Dkt. 17. As Petitioner is clarifying the grounds he seeks to go forward in this proceeding, the Court interprets Petitioner's motion as a Motion to Amend.

A habeas petition may be amended as provided by Rule 15 of the Federal Rules of Civil Procedure. *Mayle v. Felix*, 545 U.S. 644, 649 (2005). Pursuant to Rule 15(a),

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Here, Respondent filed the Motion for More Definite Statement pursuant to Rule 12(e) on March 15, 2019. Dkt. 16. Petitioner filed the Motion to Amend 20 days later, on April 4, 2019. Dkt. 17. Hence, Petitioner may amend his habeas petition as a matter of course pursuant to Rule 15(a)(1)(B).

Accordingly, Petitioner's Motion to Amend (Dkt. 17) is granted. Petitioner is directed to file an amended petition, raising only Memorandum Ground One and Memorandum Ground Three. *See* Dkt. 12. Petitioner shall file the amended petition on or before May 27, 2019. Respondent's answer to the amended petition is due within forty-five days of the filing of the amended petition. As Petitioner will be filing an amended petition, the Motion for More Definite Statement (Dkt. 16) is denied as moot.

Dated this 25th day of April, 2019.

David W. Christel
United States Magistrate Judge